UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR KAMEO,<br><br>       Plaintiff,<br><br>  - against -<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>       Defendant. | 1:13-cv-01246-SLT-RLM<br><br><br>**ANSWER** |

Defendant GC SERVICES LIMITED PARTNERSHIP, ("GCS" or "Defendant"), by and through its attorney, HINSHAW & CULBERTSON LLP, for its answer to Plaintiff's Complaint (the "Complaint"), states as follows:

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "INTRODUCTION"

1. The allegations contained in paragraph 1 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint and all of its subparts.

3. The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

4. The allegations contained in paragraph 4 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

5. The allegations contained in paragraph 5 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

6. The allegations contained in paragraph 6 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

**IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"**

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

10. The allegations contained in paragraph 10 of the Complaint purport to state conclusions of law which do not require a response, except defendant admits that it maintains an office within Houston, Texas. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

11. The allegations contained in paragraph 11 of the Complaint purport to state conclusions of law which do not require a response, except defendant admits that in certain contexts it is engaged upon, for profit, to collect debt. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

12. The allegations contained in paragraph 12 of the Complaint purport to state conclusions of law which do not require a response, except defendant admits that in certain

130570794v1 0945020

contexts it qualifies as a "debt collector" under §1692a(6) of the FDCPA. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "JURISDICTION AND VENUE"

13. The allegations contained in paragraph 13 of the Complaint purport to state conclusions of law which do not require a response, except Defendant does not contest jurisdiction. Moreover, to the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

14. The allegations contained in paragraph 14 of the Complaint purport to state conclusions of law which do not require a response, except Defendant does not contest venue.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "FACTS PARTICULAR TO VICTOR KAMEO"

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, except admits it attempted to locate and/or contact a debtor named Victor Kameo relating to a debt.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except admits it attempted to locate and/or contact a debtor named Victor Kameo relating to a debt.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits that Defendant attempted to locate and/or contact a debtor named Victor Kameo relating to a debt by telephone.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, except admits that it was aware of the law and its requirements.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and all of its subparts.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "CLASS ALLEGATIONS"

35. The allegations contained in paragraph 35 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

130570794v1 0945020

36. The allegations contained in paragraph 36 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint and all of its subparts.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "FIRST CAUSE OF ACTION"**

46. Defendant re-states, re-alleges, and incorporates herein by reference, its responses and denials, respectively, to paragraphs one (1) through forty five (45).

47. Defendant denies the allegations contained in paragraph 47 of the Complaint, all of its subparts and also the subsequent "Prayer for Relief."

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in party by reason of one or more applicable statutes of limitations, contractual limitations periods or the application of the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by collateral estoppel, judicial estoppel and/or *res judicata.*

## FIFTH AFFIRMATIVE DEFENSE

Any violation of the Fair Debt Collection Practices Act ("FDCPA"), which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's communication(s), if any, complied with the provisions of the FDCPA.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff and the putative class have not incurred an injury in fact and, therefore, lack standing to pursue the instant claims under Article III of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not typical of the class members' individual claims and, therefore, Plaintiff is not an appropriate class representative

130570794v1 0945020

**NINTH AFFIRMATIVE DEFENSE**

Defendant objects to the definition of the "class" set forth in the Complaint. In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definition of "class" that is set forth in the Complaint

**TENTH AFFIRMATIVE DEFENSE**

Defendant states that additional affirmative defenses may exist as to individual putative class members in the event a class is certified, such as consent, the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, and other individual defenses not presently known. Defendant respectfully reserves the right to amend their Affirmative Defenses to address those potential defenses in the event a class is certified.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant GC SERVICES LIMITED PARTNERSHIP respectfully requests that the Court enter an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and

2. Awarding Defendant such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       May 10, 2013

>Respectfully submitted,
>
>HINSHAW & CULBERTSON LLP
>*Attorneys for Defendant*
>  *GC Services LP*
>
>
>By:   *s/Concepcion A. Montoya*
>         Concepcion A. Montoya (CM-7147)
>
>780 Third Avenue, 4th Floor
>New York, New York 10017
>Tel: (212) 471-6200

TO:   **Maxim Maximov**
      Maxim Maximov, LLP
      1600 Avenue M, 2nd Flr.
      Brooklyn, New York 11230
      Tel: (718) 395-3459
      Fax: (718) 408-9570
      Email: m@maximovlaw.com